# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HEGGEM, | ) | CASE NO. 1:23-cv-00584-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| VALVOLINE, LLC, *et al.* | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants, | ) | **AND ORDER** |
| | ) | |
| VALVOLINE, LLC | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZONES, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**I.      INTRODUCTION**

This matter is before the Court on: (1) third-party defendant Zones, LLC's ("Zones") Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings on the third-party complaint of defendant/third-party plaintiff Valvoline, LLC ("Valvoline") (ECF No. 21); (2) Zones' motion to strike Valvoline's opposition to Zones' motion for judgment on the pleadings (ECF No. 23); and (3) Valvoline's motion to amend its opposition (ECF No. 24). For the reasons set forth below, Zones' motion to strike and Valvoline's motion to amend are DENIED. Zones' motion for judgment on the pleadings, which the Court will convert into a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

1

12(b)(6), is GRANTED, and Valvoline's third-party complaint is dismissed without prejudice and with leave to replead.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2023, Plaintiff James Heggem ("Plaintiff") filed a complaint against Valvoline and Defendant Community Insurance Company ("Community Insurance") in the Cuyahoga County Court of Common Pleas. (ECF No. 1-1). Plaintiff, a Zones employee, asserted a single count of negligence against Valvoline, alleging that he was injured when he slipped on an oily floor while performing maintenance at a Valvoline location. Plaintiff also asserted a claim against Community Insurance, alleging that Community Insurance may have paid medical expenses on his behalf and joining Community Insurance "to defend and protect its claim of subrogation, if one so exists." *Id*.

On May 20, 2023, Valvoline removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). On May 5, 2023, Plaintiff and Valvoline filed a report of their party planning meeting, stating that they consented to my jurisdiction over this case pursuant to 28 U.S.C. § 636(c). (ECF No. 5), The case was subsequently transferred to my docket. (*See* ECF non-document entry dated May 9, 2023).

On June 27, 2023, Valvoline filed a motion for leave to file a third-party complaint against Zones (ECF No. 9), which I granted on July 6, 2023 (*see* ECF non-document entry dated July 6, 2023). On July 25, 2023, Valvoline filed its third-party complaint against Zones, asserting a claim for contribution and indemnification. (ECF No. 12). In its third-party complaint, Valvoline alleges that it entered into a Master Product and Services Sales Agreement (the "Agreement") with Zones, which contains a provision requiring Zones to indemnify Valvoline in certain circumstances. Valvoline alleges that Plaintiff was performing

2

work at the Valvoline facility pursuant to the Agreement at the time of his accident. Valvoline also alleges that Zones was required to indemnify Valvoline for any amounts it may be judged liable to Plaintiff, plus Valvoline's costs of defense, including attorneys' fees.

On October 20, 2023, Zones answered the third-party complaint. (ECF No. 20). On November 29, 2023, Zones filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Valvoline had not pled facts establishing that Plaintiff's claim fell within the scope of the Agreement's indemnification provision. (ECF No. 21).

On December 27, 2023, Valvoline filed its opposition to Zones' motion. (ECF No. 22). In its opposition, Valvoline relies on facts that have allegedly been adduced in discovery but that were not included in Valvoline's third-party complaint. On January 11, 2024, Zones filed a combined reply in support of its motion for judgment on the pleadings and motion to strike Valvoline's response in light of Valvoline's reliance on those outside facts. (ECF No. 23). On January 22, 2024, Valvoline filed a response to Zones' motion to strike, asking the Court for leave to file an amended opposition, *instanter*, that omits some of the facts not contained in its third-party complaint. (ECF No. 24).

On February 26, 2024, I issued the following order:

> Upon review of the docket, it appears that Defendant Community Insurance Company (Community Insurance) has not appeared in this case and has not answered Plaintiff's complaint. While Plaintiff James Heggem and Defendant Valvoline, LLC filed a Report of Parties' Planning Meeting on May 5, 2023 (ECF No. 5), in which they consented to my jurisdiction, Community Insurance is not a signatory to that report and is not listed as an attendee of the parties' planning meeting. 28 U.S.C. § 636 provides that a magistrate judge may conduct any and all proceedings in a case [u]pon the consent of the parties. Additionally, the Third Party Complaint (ECF No. 12) added Zones, LLC to this case as a third party defendant. When additional parties are added after the original parties to an action have consented to trial before a magistrate judge, consent of the new parties is also required." 14 Moore's Federal Practice - Civil § 73.03 (2023). By February 29, 2024, the parties shall file a joint status report regarding (1) whether Community

3

> Insurance remains a party to this case; (2) if so, the current status of Plaintiff's claim against Community Insurance, including whether Community Insurance has been served with the complaint and whether the parties have had any communications with Community Insurance or its counsel; and (3) whether Community Insurance and Zones, LLC consent to my continuing to exercise jurisdiction over this matter.

(February 26, 2024, non-document order). In response to that order, the parties timely filed a Joint Status Report on February 29, 2024, stating that "the parties are in agreement that Community Insurance can be dismissed from this case without prejudice," and Zones LLC consents to my continuing to exercise jurisdiction over this case. (ECF No. 25.) Based on the parties' Joint Status Report, the Court expects that a dismissal without prejudice will soon be filed in this case, though such a filing has not yet occurred.

### III.  LAW & ANALYSIS

#### A.  <u>Zones' Motion to Strike and Valvoline's Motion for Leave to Amend its Opposition</u>

Before turning to the merits of Valvoline's motion, the Court will address Zones' motion to strike Valvoline's opposition and Valvoline's motion for leave to amend. Zones argues that Valvoline's motion should be stricken because Valvoline relied on additional purported facts not pled in Valvoline's third-party complaint.

Zones is correct that Valvoline may not rely on facts outside of its complaint in opposing Zones' motion. *See West v. Warren City School Dist. Bd. of Educ.*, No. 4:09 CV 00303, 2009 WL 3756816, at *2 (N.D. Ohio Nov. 6, 2009) (noting that, in ruling on Rule 12(c) motion, "the court is constrained to examine only the sufficiency of the face of the complaint as written"); *CajunLand Pizza, LLC v. Marco's Franchising, LLC,* No. 3:20-cv-536-JGC, 2022 WL 4353345, at *2 (N.D. Ohio Sept. 20, 2022) (same for motion under Rule 12(b)(6)). However, the Court concludes that it is not [?] necessary to either strike Valvoline's response or to grant Valvoline's motion to amend. Instead, Rule 12(d) provides that "[i]f, on

4

a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). Rather than granting Zones' motion to strike or converting its Rule 12(c) motion to a motion for summary judgment, the Court will instead exercise its discretion to exclude the additional purported facts on which Valvoline relies. The Court will consider only the allegations of Valvoline's third-party complaint itself when ruling on Zones' Rule 12(c) motion. Accordingly, the Court denies both Zones' motion to strike and Valvoline's motion to amend its opposition.

### B. Zones' Motion for Judgment on the Pleadings

Zones brings its motion under Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Although Valvoline has not raised it, there is a procedural snag with Zones' motion for judgment on the pleadings. Rule 12(c) provides that any party may move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). Courts within this district have held that, "[i]f a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed." *Horen v. Bd. of Educ. of the Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 840 (N.D. Ohio 2009); *see also Armatas v. Aultman Health Found.*, No. 5:19-cv-00349, 2019 WL 8754869, at *3 (N.D. Ohio Dec. 19, 2019), *report and recommendation adopted*, 2020 WL 1650841 (N.D. Ohio Mar. 27, 2020) (holding that all defendants must file an answer before a Rule 12(c) motion may be filed).

Valvoline answered Plaintiff's complaint before removing the case to this Court, and Zones answered Valvoline's third-party complaint before filing its Rule 12(c) motion. (ECF No. 1-2; ECF No. 20). However, Plaintiff has also named Community Insurance as a

5

defendant, and Community Insurance has not yet answered Plaintiff's complaint.[1] Zones' Rule 12(c) motion is therefore premature.

The fact that Zones' motion is premature does not mean that it must be denied on that basis. "[A] prematurely filed Fed. R. Civ. P. 12(c) motion may be treated as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if 'the issues raised in the motion were sufficiently raised in the moving defendant's answer as affirmative defenses.'" *Armatas*, 2019 WL 8754869 at *3 (quoting *Ortiz v. Holmes*, 157 F. Supp. 3d 692, 695 (N.D. Ohio 2016)); *see also Prade v. City of Akron*, No. 5:14CV188, 2015 WL 2169975, at *1-2 (N.D. Ohio May 8, 2015) (noting that Rule 12(c) motion was premature because some defendants had not answered and converting Rule 12(c) motion to Rule 12(b)(6) motion where defendant raised basis for motion in answer); *Horen*, 594 F. Supp. 2d at 840-41 ("I will construe the defendants' premature, pre-answer Rule 12(c) motion as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).").

The Court finds this line of cases persuasive here. Moreover, Zones specifically pled two affirmative defenses in its answer that raise the arguments contained in its Rule 12(c) motion: (1) that Valvoline's third-party complaint fails to state a claim upon which relief can be granted; and (2) that the indemnification clause is inapplicable to the facts of this case. (ECF No. 20). Accordingly, I will convert Zones' Rule 12(c) motion into a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[1] As set forth above, the Court expects that a dismissal without prejudice as to Community Insurance will soon be filed based on the parties' representations in the Joint Status Report. (ECF No. 25)

6

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This plausibility standard requires the plaintiff to plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Middlebrooks v. Parker*, 15 F.4th 784, 789 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

"In analyzing a [Rule] 12(b)(6) motion, the court must 'construe the complaint in the light most favorable to the plaintiff and accept all allegations as true.'" *Electronic Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) (quoting *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019)). However, a court "[d]oes not have to accept as true 'unwarranted factual inferences.'" *Id.* (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008)). Moreover, "'[a] legal conclusion couched as a factual allegation' is not entitled to a presumption of truth." *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

Valvoline has asserted an indemnification claim against Zones pursuant to the Agreement's indemnification provision. Zones argues that Ohio law governs its indemnification claim, and Valvoline has not argued otherwise.[2] I will therefore apply Ohio law to Valvoline's claim. *See Gentox Med. Servs. v. Abdelwahab*, No. 1:21-cv-1516, 2021 WL 6113546, at *2 (N.D. Ohio Dec. 27, 2021) (applying Ohio law as the law of the forum where both parties agreed Ohio law applied and cited to Ohio law despite potential applicability of Utah law under governing choice of law rules).

Under Ohio law, "[i]ndemnity arises from contract, either express or implied, and is

---

[2] The Agreement contains a choice of law provision providing that the Agreement will be governed by Kentucky law. However, both parties cite to Ohio law in their briefs, and neither party argues that Kentucky law should apply under the Agreement's choice of law provision.

7

the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240 (1987). "When an indemnitor expressly agrees to indemnity an indemnitee except in certain specified instances, and it is determined that the exceptions do not pertain, the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement." *Id*. at 241.

Ohio courts interpret indemnity agreements in the same manner as other contracts. *See Brown v. Gallagher*, 993 N.E.2d 415, 419 (Ohio Ct. App. 2013). "The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used." *Worth*, 32 Ohio St. 3d at 240. "All words used must be taken in their ordinary and popular sense . . . and '[w]hen a [writing] is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which [it] naturally presents.'" *Id*. (quoting *Lawler v. Burt*, 7 Ohio St. 340, 350 (1857)) (cleaned up).

Valvoline's claim is based on an express indemnification provision contained in the Agreement, which provides in relevant part as follows:

> Vendor shall indemnify, hold harmless and defend Valvoline LLC, its Affiliates, and its and their respective employees, officers and directors from and against any and all liabilities, losses, claims, demands, judgments, assessments, penalties, damages, fines, costs and expenses (including reasonable attorneys' fees), asserted by a third party, to the extent caused by (a) Vendor's breach of its representations or warranties set forth in the Agreement or the material breach of any of its other duties or obligations under the Agreement; (b) the error, omission, the death of, or physical injury to, a person or damage to property caused by the negligence or willful misconduct of Vendor, its employees, agents or subcontractors in the performance of the Agreement . . . .

8

(ECF No. 12-1, § 9.1).[3]

As Zones argues, Section 9.1 requires Zones to indemnify Valvoline in two circumstances potentially relevant here: (1) where Zones breaches its representations, warranties, duties, or obligations under the Agreement; or (2) where the negligence or willful misconduct of Zones, or its employees, agents, or subcontractors, causes death or physical injury to a person or damage to property.

Zones argues that Valvoline's allegations do not bring its claim within either circumstance under which Zones is obligated to indemnify Valvoline, as Valvoline does not allege that Zones breached any representation, warranty, duty, or obligation, and also does not allege that Zones engaged in negligence or willful misconduct. The Court agrees. In its third-party complaint, Valvoline alleges only that it is entitled to indemnification because Plaintiff's alleged injuries "are directly attributable to the acts or omissions of Zones." (ECF No. 12, ¶ 17). Valvoline does not identify any specific act or omission that Zones allegedly committed and does not allege any representation, warranty, duty, or obligation under the Agreement that Zones breached. Valvoline thus has not pled a claim for relief that is plausible on its face.

Valvoline attempts to expand on its allegations in its opposition to Zones' motion. In particular, it argues that, rather than slipping on an oily floor, Plaintiff fell off a ladder that he was using in an improper and negligent matter. Valvoline argues that, as an employee of Zones, Plaintiff's negligence brings his claim within the first prong of the indemnification provision. Valvoline also argues that, by failing to adequately train or equip Plaintiff, Zones breached its obligations to ensure that work was performed in a workmanlike manner and that

---

[3] Section 9.1 also requires Zones to indemnify Valvoline for certain intellectual property issues not relevant here.

all necessary precautions were taken to avoid accidents or injury, thus bringing Valvoline's claim within the second prong of the indemnification provision.

The problem is that Valvoline has not alleged any of those facts in its third-party complaint. As discussed above, in ruling on a motion under Rule 12(b)(6) or Rule 12(c) a court may consider only the allegations of the complaint and the exhibits attached thereto. And the complaint itself does not contain sufficient factual material to plead a cognizable claim under *Iqbal* and *Twombly*. As a result, Zones' motion is well-taken, and dismissal is warranted for failure to state a claim.

The Court concludes, however, that dismissal with prejudice is not appropriate at this time. While Valvoline has not adequately pled an indemnification claim, the additional alleged facts it raises in its opposition brief indicate that Valvoline may be able to plead a cognizable claim under one or both prongs of the indemnification provision. Accordingly, Valvoline's third-party complaint is dismissed without prejudice and with leave to replead.

## IV.     CONCLUSION

For the foregoing reasons, Zones' motion for judgment on the pleadings, which the Court construes as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), is GRANTED and Valvoline's third-party complaint is DISMISSED without prejudice. If Valvoline chooses to file an amended third-party complaint, it must do so within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: February 29, 2024

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge